The next matter, number 221591 and number 221872 The Board of Trustees v. ILA Local 1740, AFL-CIO If counsel for the appellant could please introduce themselves on the record to begin May it please the court, my name is Carlos Paula I'm the attorney for Local 1740, ILA Local 1740 If I may address the court Yes, would you like any time for rebuttal? Yes please, 2 minutes if I may, thank you Your honors, this is a case where there was a motion for summary judgment that was granted by mistake In view of the multiple genuine issues of material fact that arise from the record of this case The court based its decision essentially on two points Number one, a mistaken interpretation of the provisions of the merger agreement Despite the language of the same, that it's clearly ambiguous and vague For example, the language in the merger agreement concerning the funds, the pension fund, the welfare fund says Any agreements of the locals to provide welfare and pension benefits And it's a quote, shall remain unaltered and shall survive the merger There is abundance of evidence and testimonial evidence on the record of this case From witnesses who participated in the negotiation of that merger agreement And who testify that at no point in time the intention of the parties was to merge the funds The pension fund or the welfare funds In fact to this date that has never happened When we look at for example, the appendix pages 1542 to 1543 You can see the statement of Carlos Sanchez, the president of the local 1740 Specifically saying, and I'm quoting Local 1740 was willing to participate in a merger of the locals For the sole purpose of providing job assignments To those members in good standing of local 1575 That were without job assignments after Horizon Lines closed its operation in Puerto Rico Local 1740's intention of helping those members Never included assuming pension liabilities of local 1575 Beyond that, when you read on the record of the case You have statements from the president of local 1575 Specifically saying that the merger did not occur So the thrust of your argument And I'm going by what you're starting out with Is not so much that a merger didn't take place But that the liability portion of the responsibilities was not merged Well your honor, the truth is that it's both arguments First, the language in the merger agreement provided That some things needed to happen after the signature of the merger Turning over their assets, delivering the charter Merging the employees list But that doesn't necessarily mean that the merger didn't occur It may mean that there was a breach by one of the parties In not fulfilling its responsibilities under the agreement But it doesn't mean a merger didn't occur Unless it was a condition preceding Exactly, and the court concluded, the district court concluded That there was no such condition in the merger agreement We understand it's a misreading of the language Because it clearly states, for example The merger agreement in three occasions mentioned That the ILA had to approve the merger In three occasions, three different paragraphs And if that was not the case, if there was a merger How can we explain that the I mean, that agreement was signed by four locals And the district court is basically concluding That the only one that merged that day, on August 1st, 2015 The effective day of the merger, was this one Local 1575, the other three local unions did not merge Because local 1902 merged later And local 1901 merged more than a year later And there's a case, a federal case That is cited at page 19 of our brief Page 19 citing the case decided by this court When it effectively merged 1901 So the district court is saying Because exclusively based on the language of the agreement And the Alter Ego Doctrine that is discussed in detail And all the criteria for the alter The applicability of the Alter Ego Doctrine Discussed starting on page 40 of our brief Counsel, may I ask, I'm looking at I'm not going to take time to quote it But I'm looking at provisions of the merger agreement One, transfer of assets to local 1740 Surrender of charter to ILA Merging of membership lists I do not, with respect to those three I do not see any language in there That would suggest that What is described there has got to happen In order for the merger to be final Which is basically the view that the district court took I just don't see any language that makes this Sort of like condition precedence to the merger Where is the language that would Support the contention that these were somehow Conditions of the merger In paragraph 4 of the merger agreement The headings are transfer of assets to local 1740 Surrender of charter to ILA Merging of membership lists I just, all I'm asking is can you point me To any language in there that Supports your argument that What's described there Is a condition of the merger I just don't see any language Your honor, the truth is that the language Is not as clear cut as You're, you know, making the reference It's not as clear but It is implied in the agreements provision That those things need to happen Because just by signing the merger One of the conclusions of the district court Is that the ILA had the authority To merge the locals Well, the ILA did not have the authority Because it had to convince the locals And they had to agree and consent and sign This merger agreement And the ILA signature is not there So it means that the locals had to reach the agreement And some things need to happen afterwards And then it had to be, the merger had to be Approved by the ILA And that's very clear in paragraphs Between 4 to 10 and 4 to 8 And then 10 to 11 of the merger agreement But I agree with you The merger agreement doesn't state it so clearly And that's one of the reasons why it's ambiguous And you have to go and examine The intention of the parties And then the testimony of all these witnesses Saying the merger really didn't occur Between these two entities All of them say it didn't happen I mean, we never merged the funds We never merged the bank accounts We didn't turn over any assets They're claiming that they didn't have any assets They did have a car Well, counsel, just With respect to the approval of the international The district court, as I understand That one troubled the district court a bit But I understand the district court to have concluded Looking at the way in which Local 1901 and 1902 I mean, they Carried out Their requirements under the merger Even in the absence Of the approval of the ILA So the court concluded Well, if parties to this agreement Carried out their obligations Even in the absence Of the approval of the ILA This document cannot be read To require that approval As a precondition of the merger Taking effect What's wrong with the I think that's what the district court said What's wrong with that? Yes, what's wrong is that There is no evidence on the record Supporting that, supporting that The other locals Did not require the approval of the ILA After the merger was signed Things happened All these conditions The other locals met those conditions One of them After litigation And that eventually happened But if we look at the police brief We will not find any Reference to any testimony Or to any document Proving otherwise that they did not comply With the requirements or conditions Of the merger agreement Because just by signing If that was the case That just by signing the merger agreement We take that as good Just signing the merger agreement And it was effective How can we explain that At no time, I mean the local 1740 Which was the largest of the local unions Would have to immediately provide Welfare benefits, the health coverage Everything, all the benefits To all the members of 1575 That never happened Only 200 out of 706 Members of the 1575 Obtained employment Working with another company Luija Yala Colon At the ports So because they began to work for this company It's a closed union shop So they have to become members of the union And then they started paying dues and everything But it never happened That local 1740 started Providing welfare or pension benefits Because the merger never happened And all the witnesses, all we're saying is We cannot rely Only on the merger agreement Number one, because it has vague And ambiguous language And it says that The funds would remain unaltered And shall survive the merger For someone who is not a lawyer These presidents and members of the union The lawyers prepare this agreement They come to the table and they ask questions They say no, no, the funds will remain Unaltered And they speak about it And it never happened that the funds merged That bank accounts merged That they granted the health insurance cards For them to receive coverage None of that happened In this case, in our view It's completely Unfounded to conclude that the merger happened Even if the Language in the merger agreement Is not so clear as Your Honor, you were asking, it's true, it's not so clear But that's one of the reasons why you have to go to the Intention of the parties And then when you look at all the testimony Of all the witnesses It speaks loudly about The fact that the merger did not happen And even if it happened It did not include merging The pension funds That's very clear in all the testimony But the district court disregarded those testimonies Which is part of the record And that's why we understand that The summary judgment was a mistake Are you saying that 1901 and 1902 did not merge With 1740? Yes, eventually, not on the date That the district court said that happened Should we look at it as Not merging on the date Or it simply not being completely Effectuated until a later date Saying that That The court ruling that the merger Agreement became Effective on August 1st, 2015 Just on the date that The agreement says, that's not True, it did not become effective On such a date because If that were the case, the other local unions Would have been merged and everything Would have happened on that date And they did not really merge until later And there's a case from this court Confirming as to 1901 It was in November 2016 More than a year later So the court conclusion is mistaken And those are the facts and the record is full of that The evidence showing that the merger Did not occur on the effective date There's no intention in this ambiguous and vague agreement And that's why we understand The intention of the parties needs to be Examined by the court Before making a decision And not only say, oh, the merger agreement Doesn't require a Condition like you're mentioning It's implied that when you look at the words Are there, the language is not the best one But then you look at the intention of the parties And the parties are saying, we didn't merge Both the president of the 1575 Said that they didn't merge The president of local In their depositions on the road, they both said Even the president of 1575 said The money of local 1740 is their money and our money is They're even running two funds The district court was Fully aware of those depositions The district court read them I know it's your position That in light of those depositions There were Genuine issues of material fact As to whether this merger took place And so the district court could not do what it did But the district court Understood this was summary judgment and basically Said, okay, I've got these Written agreements, the language Seems plain to me, I've got this Testimony to suggest Otherwise, the court Said, well, no reasonable jury Could credit That testimony over The plain terms of the agreement The district court was Entitled to do that I know you don't Your point seems to be that summary judgment Precluded the district court from doing that That's not accurate, the district court could make That judgment, could it not? I know you don't agree with it Well, your honor, all I'm saying is that A district court cannot Ignore or disregard Several Testimonies on the road Of key witnesses who negotiated The agreement, who participated In everything The district court cannot disregard And say, I'm only Going to look at the merger agreement And saying that it's unambiguous When it is not, it is clearly ambiguous The language there, and then completely disregard I mean, of course The position transcripts are part of the record But our position is that The court misinterpreted those testimonies And disregarded them And abused his discretion in disregarding those testimonies Because they create genuine Issues of fact, and it's really Unfair to Dismiss this case And grant the summary judgment in favor of the Police I mean, the vast The abundant evidence here Showing genuine issues of fact I mean, when we look at If the court looks at our brief While I was reading it There's a list of genuine issues of fact And then I continue reading, there are genuine issues All throughout the entire brief, so many Genuine issues of fact, of material things I have a list here Do I still have time? You're over your time So, I'll ask any questions If you have at my rebuttal time Thank you Thank you, counsel At this time, would the appellee please Introduce herself on the record to begin May it please the court, Clarissa Kong For board of trustees Of the ILA PRSSA pension Fund I'd like to start with a bedrock principle A legal principle Before this court is An argument that was not raised In the district court Is waived, and cannot be Argued for the first time before this Court 1740 Moved for summary judgment As well as My client, the board of trustees On cross motions for summary Judgment Local 1740 Argued that there were No genuine issues Of material fact before the court Yet Before this court, on appeal 1740 Is arguing that there are A plethora of genuine issues Of material fact That is directly contradictory From its argument Before this court The district court Correctly granted summary Judgment in favor of The board of trustees This is a withdrawal liability case And There is no question about The fact that the pension fund Is separate from any pension Fund or other kind of Employee benefit fund of 1740 What's at issue today Is the merger Not of benefit plans But the merger of Local 1575 1901, 1902 And 1740 The district court Correctly granted summary judgment On two independent grounds First that the merger agreement Was effective in that 1575 merged With 1740 The second ground was that 1740 Wait a minute You just said what's not at issue Here and you said that the pension The pension plan Is the issue of merger Of it is not at issue So are you saying therefore that That issue The issue Of the pension plan sort of Automatically goes away if we Determine that there was a merger Because it would necessarily follow That if there was a merger The pension plan And its liabilities would be merged Into the new Entity automatically Yes your honor The merger that is at issue Here is the merger of Local entities The local unions We're not talking about Any kind of a merger of Benefit plans My Opposing counsel on the other side Had mentioned the paragraph In the merger agreement That this is paragraph Nine that talks about The obligations of The Locals with regard To benefit plans and that those Remain unaltered That that is correct That they are unaltered But in this case 1740 Merged with 1575 And therefore By operation Of the merger agreement Assumed all of the liabilities Of 1575 To the pension fund including Withdrawal liability to the pension fund The District court also in Reviewing the record before The court Correctly Cited district of Puerto Rico local rule 56e Which is the anti ferret rule Under that rule Certain facts that were Uncontroverted by Local 1740 were Deemed to be admitted and The district court in its Order on the cross motions for Summary judgment appropriately Went through the facts that Were deemed uncontroverted and Therefore admitted Included in Materials before the court on cross Motions were The depositions the statements Of individuals that opposing council For 1740 Has mentioned in today's Argument There were no preconditions In the merger agreement and The for the fact Of a merger the district Court correctly Looked to contract principles In ruling that Where the merger agreement Is clear extrinsic Evidence Is not allowed and The court went through The arguments raised by 1740 to contest The fact that the merger Had occurred and Went through the agreement and Found under the clear terms There were no preconditions For the merger With regard to surrender Of the charter Turnover of assets And the Merger of any Kind of membership list As judge Has correctly pointed out the Court did find that there was Possible ambiguity With regard to On that point I'd like to Is there a contradictory Decision where In the district court found That the merger didn't occur until A later date With Respect to 1901 No Your honor I don't believe there was A finding as to the date When 1901 And 1902 merged That I believe is not Part of the district court's Ruling The district court did point to the fact That on the issue Of approval That The court could look to Extrinsic evidence and one of the points Of extrinsic evidence is the fact that Locals 1901 And 1902 Merged As a result of this Merger agreement so I don't Think that there's an issue on A delay Or timing with regard to 1901 And 1902 It is undisputed on the record So the date of the merger was not An issue in any litigation Involving either of the other locals There There was litigation In the district court and at the First circuit level as To 1901 And that case is cited in Our brief as well as Our opposing But was the merger date an issue in that case? I don't believe that it was, Your Honor But it was After litigation The assets of 1901 were turned over You know The four locals who signed The merger agreement Agreed That effective August 1 2015 The locals would merge And that is the operative Date for the mergers One point that I'd Also like to raise is that The merger agreement Did not occur in a Vacuum On this issue of approval And who had to approve And whether sending the agreement To the ILA was the method of approval The district court Had noted that it was Ambiguous with regard to the merger agreement But when you look at the context Including The extrinsic evidence that the district court Cited in its order The international Orchestrated this merger From day one Horizon Lines was the Major employer who employed Local 1575 Members. When it exited The port of San Juan 1575 members had no work And there were disputes Territorial disputes over Who Of the dock workers Would be working At the ports At which Horizon Lines Was previously operating out of The international Appointed a committee of Two international officers They Were charged with resolving The labor dispute And they concluded that a merger Needed to happen They Put together a work Sharing agreement and that was entered Into by the Four locals in March Of 2015 That then Was subsequently Replaced by the merger agreement Which was signed in July And effective August 2015 So the international Was very well informed That a merger needed To happen. It was their committee's Conclusion that it needed to happen The merger agreement was Prepared at the International's behest So Counsel, isn't it a fact that The international is sort of On the other side of this issue? I mean They seem to be Supportive of the position Of 1740 that they Do not have these financial obligations And I understand the Board is an independent Entity with its own fiduciary obligation But the, am I Correct that the ILA is supportive Of the position of local 1740 here? Yes, your honor That is correct Currently But if you look at the record Before the court including documentary Evidence Both 1740 and the international Celebrated the merger After it was signed in July Of 2015 There were letters Sent, memos sent To members of the Four locals Celebrating the fact that there Was a merger, stating that there was A merger effective August 1st 2015 and that Local 1740 would be The sole local Operating and representing Members of the international In the port of San Juan Did the international Prepare the merger Agreement? Your honor, I believe that's correct Their lawyers Prepared the merger agreement The international Did want this merger to take place Because there was a Labor dispute between the four Locals and you had Members of local 1575 out of work And the merger Was meant to solve that issue But At the point when the international Understood Clearly that the board of trustees Would not Give up and not That they wanted to pursue The withdrawal liability That's when the international Found an argument To make that there were preconditions To the merger agreement That were never in the document Under the Puerto Rico Code If there are contract ambiguities Are they construed against the draft I Believe that is a contract Principle I do not know the code Citation your honor but you Think that is part of the code I I don't know for sure But it is a principle That generally tends to be true With regard to contract interpretation It's also undisputed that Local 1740 Substantially increased its membership After the merger When you look at the government Filings that form LM2s with regard to Local 1740 In 2014 Before the merger and after There was a significant increase In the assets As well as the membership of 1740 1740 Was also distributing Copies of the merger agreement To employers At the port of San Juan In order to tell them That all the dues That would be paid on behalf Of former 1575 Workers needed to be paid To 1740 This is the situation where 1740 Accepted all the financial Benefits of a merger Yet now denies That it has any withdrawal liability To the pension fund Well that's what And maybe opposing counsel can comment on this But that's what's sort of very troubling About this whole scenario I mean it's undisputed that Horizon Leaves the Members of 1575 Suddenly don't have an employer There's a dispute about whether They can claim employment rights With respect to other Docs The ILA comes in and tries to work out an agreement That will be to everybody's benefit And they do that And then people do get jobs that they did not Otherwise have Everybody seems to be happy with that Work sharing agreement But then It becomes apparent that there are some Financial burdens That go with this new arrangement And then there's an attempt To walk Away from it and that's what's Very troubling what seemed to be A good solution For the benefit of the workers Suddenly there's a desire to Walk away from it That's sort of your perspective on what's going on Here is that right? Yes your honor it is And the board of trustees Has a fiduciary duty Under RISA To operate the pension fund For the benefit of the In the fund but also to Conserve The assets of the fund and operate the Administer the pension fund In a way that Conserves assets The board simply has a fiduciary Obligation to pursue 1740 1740 And the international Were well aware that there was Withdrawal of liability Owed to the pension fund Notices were sent to 1575 as well as To the international before the merger Agreement was signed Thank you I'm out of time Thank you counsel Counsel for the appellant will reintroduce Himself on the record he has a two minute rebuttal Counsel could you please Work into your rebuttal that your Perspective on And maybe that's an unfair view of what's Going on here but it would be helpful to me to have Your response to that Yes your honor When I read the police brief I mean it struck me in the same way The argument that Local 1740 They are Alleging that it reaped the benefits  Trying to avoid liability Well that's not really the case for a different Number of reasons number one Local 1740 did not reap Any benefits because as I mentioned Before Horizon Lines is no longer In Puerto Rico these employees are out of The job they get a job with The other company they become Members of this union Local 1740 Because it's a closed shop they have to If you work for this company you have to be part of the Union so they have and the CBA the collective bargaining agreement Requires to pay union dues So concluding that 1740 reap benefits From the merger It's not accurate Because it was not the result Of the merger it was the result of the fact That all these employees were out of a job And they started working for a new company And the collective bargaining agreement Requires that they have to become members of the union And start paying dues second We are ignoring that this Specific provision in the merger Agreement That Claims saying that The funds shall remain on Altra shall survive the merger which is Which the presidents of both Unions in their Depositions testified that they Interpret that and they did not believe That the funds would merge that They interpret this as you know the fact That the funds each one would keep their Funds we are Ignoring that right after this provision In the merger agreement immediately It says and local I'm paraphrasing it says Local 1575 hereby Represents that the only liabilities That it has are those Mentioned in the report for the Department of Labor Those are the only liabilities and the Liability of the withdrawal liability Everything concerning the pension fund Is not there so local 1740 took that representation As okay we are assuming all Liabilities but not the fund first because That was because of this That's what they understood and there is An ambiguous language here and second because It clearly and specifically says The merger agreement that the only Liabilities that the local 1740 Will be assuming are those mentioned in This report of the Department of Labor Also So when So did the withdrawal Liability get discussed at all During the merger talks And that's particularly So if the international Was aware of it as Miss Kang said your honor Thank you for asking that question because That's one of my points in my notes To me It's troubling that when you read A police brief they quote They make statements and then They in support of such Statements they cite Portions of the appendix and when You go and look at it That evidence doesn't really Support what they're saying for example And specifically concerning this issue They quote testimony Of one of the Members of the committee of the ILA that was Encouraging and trying to get The merger to happen James Paylor They're claiming that The ILA and their lawyers knew About the financial liabilities Of 1575 when you go To James Paylor Testimony quoted by the 181 through 182 Of the appendix Mr. Paylor clearly admits That the knowledge he gained about This situation with the withdrawal liability Of the pension fund that it was after The merger and it's stated there And there are a number of citations That they're quoting oh They say something and look at these 1, 2, 3 And when you look closely it doesn't really support What they're saying so That was troubling to me so Answering your question your honor concerning Specifically that there's no evidence On the record there's no evidence That other than This misrepresentations Of the testimony of the Witnesses demonstrating That local 1740 Number one knew about this Pension withdrawal liability And number two that it agreed To become liable for that Or that number three Or that 1740 agreed That the merger of The local unions would include merging Those funds with an enormous Liability which they didn't even know I mean logic tells us if they would have Known that there was a million dollars in a debt Would they agree to that oh yes we will take That the million dollars that didn't Happen so So I don't know if I Responded your question I think I believe I did right You did and also I wanted to just If just quickly to finish A few points that were mentioned here You're well Over your time so just sum up very quickly Okay I mean All I want to say is that There are just so many Genuine issues of Fact in this case your honors I mean it's not It's not as clear cut as you may seem Because and the district court Could not base only on the merger Agreement the merger agreement is not clear Enough they say that we were We adopted a different position Before the district but it's because we both Filed press motions for summary judgment And we understood that in fact The case is so clear that there was no Merger between the entities that We understood that summary judgment should have been entered In our favor because all the Evidence points to that and all the witnesses That there was no merger that it didn't Include the funds so we're not local 1740 is not responsible for such debt Thank you your honor Thank you counsel that concludes the argument in this Hearing